UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-504-SNLJ |
| | ) | |
| BARACK H. OBAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to commence this action without prepayment of the filing fee [Doc. #2]. Upon consideration of the financial information provided with the motion, the Court will grant plaintiff leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915. Additionally, after carefully reviewing the complaint, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action

fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## Discussion

Plaintiff brings this action for $3,000,000,000 in monetary damages against a wide variety of government and non-government officials, including the current president of the United States, justices of the Supreme Court, the United States attorney general, state and federal judges, the director of the Central Intelligence Agency, the director of the National Security Agency, the CEO of Tenet Healthcare Corporation, attorneys, the Roman Catholic Archbishop of St. Louis, and numerous others. Plaintiff states that the complaint concerns a multitude of issues, including "burglary/housebreaking," theft of human remains, criminal solicitation and trespass, false impersonations, second degree murder, "fraud upon estate," corruption of public office, conspiracy to interfere with civil rights, and

2

fraudulent use of the seal of the United States; however, the Court is unable to ascertain the precise nature of plaintiff's allegations against the named defendants.[1]

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts as to each named defendant and must abide by the Federal Rules of Civil Procedure; however, plaintiff has failed to do so in this case. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); Fed.R.Civ.P. 8(a)(2)(complaint should contain short and plain statement of claims); Fed.R.Civ.P. 8(e)(2)(each claim shall be simple, concise, and direct); Fed.R.Civ.P. 10(b)(parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Although the complaint is to be afforded the benefit of a liberal construction, the Court will not create facts or claims that have not been alleged. Plaintiff is required to set out not only his alleged claims in a simple, concise, and direct manner, but also the facts supporting his claims as to each named defendant. *See*

---

[1]The seventy-two page complaint is a compilation of United States Supreme Court cases, random statements, such as "Judicial notice RSMo., Sec. 490.080, failing to 'speak' a requirement imposed by law constitutes 'dereliction of duty'; OH. Revised Code Ch. 2921.44(A)(2), and conclusory phrases, such as "Defendants are liable to Plaintiff for non-payment of debt," and "Defendant United States willfully did not enforce its civil and criminal laws."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). Because plaintiff has failed to do so, and the complaint is nonsensical, fanciful, and largely incoherent, the Court will dismiss this action as legally frivolous and for failure to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue, because the complaint is legally frivolous and fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to recuse the Honorable Audrey G. Fleissig [Doc. #4] is **DENIED as moot**.[2]

---

[2]This action was reassigned to the Honorable Stephen N. Limbaugh, Jr., on April 9, 2014.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  10th  day of April, 2014.

_____
UNITED STATES DISTRICT JUDGE